DocuSign Envelope ID: 466B6D4F-99E4-45FC-914C-6CF9B11F3A2D

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. PATRICK J. MAHONEY<br>4019 Duke of Gloucester Street<br>Fredericksburg, VA 22407<br><br>Plaintiff,<br><br>v.<br><br>SPEAKER NANCY PELOSI, in her Official<br>Capacity as Speaker of the House,<br>House of Representatives<br>Washington DC Office<br>1236 Longworth H.O.B.<br>Washington, DC 20515;<br><br>VICE PRESIDENT KAMALA HARRIS, in<br>her Official Capacity as President of the Senate,<br>President of the Senate Office<br>112 Hart S.O.B.<br>Washington, DC 20510<br><br>THE UNITED STATES CAPITOL POLICE<br>BOARD,<br>United States Capitol Police<br>119 D Street, NE<br>Washington, DC 20510;<br><br>and<br><br>KAREN H. GIBSON, in her Official Capacity<br>as Sergeant of Arms and Doorkeeper for the<br>United States Senate and Chairperson of the<br>United States Capitol Police Board,<br>U.S. Capitol<br>Room S-151<br>Washington, DC 20510<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## NATURE OF THE CASE

1.  Plaintiff files this civil action, seeking injunctive and declaratory relief, to vindicate his rights under federal law, including the First and Fifth Amendments to the United States Constitution. The Plaintiff, Rev. Mahoney, is an ordained Presbyterian Minister who seeks to exercise his constitutional right to conduct a prayer vigil in a traditional public forum at the United States Capitol. Plaintiff desires to host a prayer vigil on Capitol grounds on April 2, 2021—the traditional Christian observance of Good Friday—for the express purpose of beseeching God's healing from the divisiveness and anxiety lingering over our nation since the tragic events of January 6, 2021.

2.  Plaintiff's application for a permit to hold a Good Friday prayer vigil is in the exact same location where he held his Good Friday prayer vigil in 2020. In 2020, Plaintiff worked with Capitol Police to ensure that he was able to safely hold a prayer vigil on Capitol grounds even though COVID-19 was constraining the nation.

3.  The sidewalks and other public grounds appurtenant to and surrounding the United States Capitol, traditional public forums, are currently fenced off to the public and have been since January 6, 2021. Plaintiff's speech has been unconstitutionally deemed unworthy by the Defendants.

4.  Defendants' blanket denial of the permitting processes on a traditional public forum is additionally impermissible because they act as a prior restraint on speech. In closing the sidewalks and public areas around the Capitol, including the Lower Western Terrace Plaintiff seeks to utilize, Defendants have effectively created a no-speech zone around the nations Capitol. Defendants prevent any First Amendment activities on/in these areas, even though no specific threat to the Capitol has been identified in justification. Defendants further refuse to

inform the Plaintiff of when public sidewalks surrounding these halls of power may once again be utilized for public speech.

5. An actual controversy exists between the parties involving substantial constitutional issues. Speech directed at influencing the government is sacred in our form of government. Defendants' policies violate the Constitution by investing public officials with the authority to decide which speech is appropriate on Capitol grounds, and through the prior restraint of speech in a traditional public forum, which is why the Plaintiff respectfully requests this Court's intervention to allow Plaintiff to exercise his free speech rights on the sidewalks appurtenant to and around the Capitol Building, and specifically, the Lower Western Terrace of the Capitol Building, in Washington, DC.

## JURISDICTION AND VENUE

6. This action arises under the First and Fifth Amendments to the United States Constitution, 42 U.S.C. Section 1983, and 42 U.S.C. Section 2000bb. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343.

7. Because this Plaintiff has sought permission from the Defendants in order to conduct the prayer vigil on April 2, 2021, on the Capitol Grounds, and specifically, on the Lower Western Terrace of the Capitol Building, that is still fenced off, and furthermore, pursuant to the Defendants residing within this Court's district, and finally, because the subject matter is located within the District of Columbia, venue is proper in the United States District Court for the District of Columbia, pursuant to 28 U.S.C. Section 1391.

## PARTIES

8. Plaintiff Reverend Patrick J. Mahoney is a resident of the State of Virginia, and an individual that chooses to exercise his First Amendment rights throughout this nation. Plaintiff

Mahoney is an ordained Presbyterian Minister and holds firm the belief that Jesus Christ is Lord and Savior. Plaintiff Mahoney firmly believes that he has been commissioned by the Lord Jesus Christ to spread the good news of the gospel, and to speak out in support of human rights and justice. Plaintiff Mahoney has requested permission from the Defendants to use the sidewalks appurtenant to and around the Capitol Building, specifically, the Lower Western Terrace of the Capitol Building, to exercise his First Amendment rights in the District of Columbia. The Defendants informed Plaintiff Mahoney that he does not have consent to use these noted sidewalks, nor can Plaintiff use the grounds at the Lower Western Terrace. These acts by Defendants have effectively created a no-speech zone in one of the most important public forums in the nation.

9. Defendants are sued in their official capacity as the Speaker of the House of Representatives, the Capitol Police Board, and the Sergeant of Arms of the Senate. The Defendants have control and authority over the practices and policies complained of in this complaint.

10. Defendant, Speaker Nancy Pelosi, is sued in her Official Capacity as Speaker of the House of Representatives.

11. Defendant, Vice President Kamala Harris, is sued in her Official Capacity as President of the United States Senate.

12. The Capitol Police Board is sued as the Oversight Body of the Capitol Police Department. The Capitol Police Board oversees and supports the United States Capitol Police in its mission and helps to advance coordination between the Department and the Sergeant at Arms of the House of Representatives and the Sergeant at Arms and Doorkeeper of the Senate, in their law enforcement capacities, and the Congress.

13.     The Sergeant of Arms of the Senate, Karen H. Gibson, is sued in her Official Capacity as the Sergeant and Doorkeeper of the United States Senate and in her Official Capacity as the Chair of the Capitol Police Board.

## STATEMENT OF FACTS

14.     On January 6, 2021, rioters occupied the Capitol Grounds, and entered the Capitol Building itself, in an unprecedented manner. The Capitol complex was locked down, and lawmakers and staff were evacuated while rioters entered and vandalized the building for several hours. Five people died and more than 140 were injured. The rioters targeted House Speaker Pelosi's Office, as well as other elected officials' offices, engaging in vandalism and generally causing havoc and destruction, before eventually being rebuffed by the Capitol Police and other federal law enforcement agencies.

15.     As a result of this event, the Capitol leadership mobilized the National Guard and erected fences around numerous federal buildings, including the Capitol Grounds and Building itself. Many of those fences have been removed; however, the fencing around the Capitol grounds, and specifically, the Lower Western Terrace at the Capitol, is still in place with no apparent date for its removal. Undeniably, at the time the fencing was erected around the Capitol Building and surrounding grounds, an imminent national security threat existed; however, that threat has subsided due to the intervening event of the inauguration of a new President.

16.     Plaintiff asserts there is no specific threat to the Capitol Building, or surrounding grounds, that warrants, nor justifies, a continuation of the trampling of First Amendment activities on the grounds of the Capitol Building, and specifically, on the Lower Western Terrace of the Capitol Building. To support this contention, Plaintiff alleges that he has witnessed many people entering and using the Capitol grounds since January 6, 2021. Those individuals would

include members of Congress and their staff, vendors, representatives of the media and their staff, along with invited guests of Congressional members and staff.

17. Over the last several weeks, Plaintiff has personally observed a media crew going through the gate at the United States Capitol, and media have interviewed congressional members on Capitol grounds. Plaintiff has also observed non-military, non-congressional, commercial vehicles including trucks enter the United States Capitol grounds. Plaintiff has spoken to members who have met with constituents at the Capitol, and he knows that ministers have been given access to the Capitol grounds.

18. The Plaintiff is a peaceful man of God and feels called upon to pray for the United States. He wants to do so at the same place where the attempted and failed insurrection took place. The Plaintiff strongly denounces the criminal conduct by the rioters on January 6, 2021, and cries out against the violence and loss of life that took place that fateful day in this nation's history. The Plaintiff asserts that he does not pose a national security threat to the United States, nor to the House of Representatives, nor the Senate, nor the Capitol Police Department and their officers, nor the Capitol Building and/or surrounding grounds. The Plaintiff only wants to discharge his obligation to God Almighty by praying for a healing for the United States, all of our elected leaders, the people of this nation, and for the Defendants in this action.

19. Defendants require an individual or group to obtain permission from government officials in order to exercise their First Amendment rights on the public sidewalks surrounding the Capitol Building, and specifically, the Lower Western Terrace at the Capitol. An individual or group must obtain permission from Defendant Capitol Police Board, that has jurisdiction over the Lower Western Terrace, and other sidewalks and other public areas where the individual or group intends to exercise their First Amendment rights. The Defendants have refused to grant

consent to Plaintiff for his proposed First Amendment activities on Friday, April 2, 2021, also known as Good Friday, at the Lower Western Terrace and other public areas in front of the Capitol Building.

20. The Lower Western Terrace of the United States Capitol is a traditional public forum for free speech. Over the last thirty-plus years, Plaintiff has held numerous permitted and unpermitted religious events at this location. Plaintiff has held Good Friday services as well as other prayer vigils there on numerous occasions. Last year, Plaintiff held a Good Friday prayer service at that location, and Plaintiff has held at least three permitted Good Friday services at that location. In addition, he has held approximately thirty other permitted events at the Lower Western Terrace. On numerous other occasions, Plaintiff has not gone through the permit process to hold events on the Lower Western Terrace as no permit was required for events expecting attendance below twenty individuals.

21. Almost eighty percent of all of Plaintiff's events at the Capitol have taken place at the Lower Western Terrace. This location is a central, critical location for free speech expression at the Capitol. This location has a long history of hosting free speech activities. The Lower Western Terrace is also located between the House and Senate, which is important to Plaintiff as he wishes to pray for healing for both houses of Congress.

22. On February 2, 2021, Plaintiff applied to the Capitol Police for a permit to hold a Good Friday service on the Lower Western Terrace. Plaintiff has been in contact with the United States Capitol Police, and Plaintiff has a thirty-year relationship with the United States Capitol Police. After subsequent conversations with Officer Henry and Lieutenant Grossi of the Capitol Police, Plaintiff was hopeful that his application would be approved. At one point, Officer Henry offered Plaintiff an alternative site for the Good Friday vigil on the western side of the Capitol by

a large statute of Ulysses S. Grant. Plaintiff declined because this location is further away from the Capitol and lawmakers than where the Plaintiff has traditionally held his Good Friday prayer vigil, at the Lower Western Terrace. On March 24, 2021, Plaintiff was informed by Officer Henry that the Lower Western Terrace was a restricted area and that Plaintiff's permit application could not be processed.

23. Defendants' refusal to grant Plaintiff permission to exercise his First Amendment rights works an undue hardship upon this Plaintiff and deprives and infringes upon this Plaintiff's constitutional rights.

24. Defendants' acts allow for the process of obtaining consent or denial for the use of a particular sidewalk to be extended into perpetuity without justification.

25. Defendants' acts grant public officials unduly broad discretion in determining whether to grant or deny a permit and/or use of a particular sidewalk. The Capitol Building is the People's House, a place that has historically been open to First Amendment activities. The Defendants have sole control over whether or not the fencing comes down, or remains in place, all the while engaging in impermissible constitutional conduct by infringing upon this Plaintiff's rights to free speech.

26. The acts of the Defendants' amount to an impermissible prior restraint on the First Amendment rights of this complaining Plaintiff.

27. As a result of the Defendants' conduct, Plaintiff has suffered, is suffering, and will continue to suffer severe, irreparable injuries and violations of his fundamental federal constitutional rights by virtue of the acts/conduct set forth herein. Moreover, the acts of the Defendants' chill and deter, and will continue to chill and deter, Plaintiff's exercise of his constitutional rights.

28. Unless this Court intervenes, Defendants will continue to enforce prior restraints on speech in violation of the Plaintiff's First Amendment and statutory rights.

29. Plaintiff has no plain, adequate, or complete remedy at law to address these violations of his constitutional rights, and injunctive and declaratory relief are Plaintiff's only means of securing complete and adequate relief. No other remedy would offer Plaintiff substantial and complete protection from continuation of Defendants' unlawful and unconstitutional acts, policies, and conduct.

30. The continued irreparable injury of Plaintiff's' fundamental rights is both great and immediate, as Defendants' interpretation and application of their continuing impermissible acts flagrantly violate and impede Plaintiff's federal constitutional rights. The future chilling of these rights is an absolute certainty unless and until this Court grants the relief requested herein. Under these circumstances, remedies at law are entirely inadequate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Claim for Violation of Plaintiff's Constitutional Rights to Freedom of Speech as guaranteed by the First Amendment**

31. The Plaintiff hereby incorporates by reference paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. By policy and practice, Defendants have created an open forum by government designation by making public property indiscriminately available to "community groups and organizations that provide information, counseling, educational, social, cultural, and recreational activities." The Defendants have further created an open forum of free speech by displaying and allowing to be displayed in and throughout the Capitol Grounds in the past and up to recent days, numerous monuments and other articles that include speech of different opinions and beliefs, including but not limited to, the staging of public events.

33. Defendants have promulgated through their acts and present practices a scheme for indefinitely denying permit applications and for requests to use particular sidewalks, public grounds and other public areas, and specifically, the Lower Western Terrace of the Capitol. The complained of acts and present practices allow for the enjoyment of unduly broad discretion by public officials in determining whether to grant or deny a permit or request for use of particular public grounds traditionally considered public fora. There are no provisions inherent in the acts and present policies that safeguard the Plaintiff's requests for public access from unfettered or unbridled discretion by these public officials in the determination of granting or denying the Plaintiff's requests.

34. No compelling government interest exists which justifies Defendants' discrimination against Plaintiff.

35. Defendants' discrimination against protected speech is not a narrowly tailored means enacted to serve a compelling government interest.

36. Defendants have imposed an unlawful system of prior restraint in violation of the rights to freedom of speech which are clearly established under the United States Constitution.

37. The Defendants' acts and present practices are facially unconstitutional due to overbreadth because they unnecessarily sweep protected speech within its application.

38. The Defendants' prohibition is unconstitutional on its face and as applied because it discriminates against protected First Amendment speech in a designated open forum.

39. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined.

40. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants from violating Plaintiff's constitutional rights.

41. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### Claim for Violation of Plaintiff's Constitutional Rights to Freedom of Association and Assembly as guaranteed by the First Amendment

42. The Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. The acts and present practices of the Defendants are unconstitutional on their face and/or as applied in that they do not bear a rational relationship to the purpose that the practices and policies are intended to accomplish.

44. The Plaintiff intends to peacefully assembly and exercise his constitutional right to association prior to the Plaintiff's planned prayer vigil at the Lower Western Terrace at the Capitol in seeking the Lord Jesus Christ's healing upon this nation in response to the awful events that unfolded at the Capitol Building on January 6, 2021. The Plaintiff wants to exercise his First Amendment rights by holding a prayer vigil at the Lower Western Terrace at the Capitol on April 2, 2021. The acts and present practices of the Defendants prevent him from doing so in traditional public fora.

45. The Defendants' acts and present practices interfere with the Plaintiff's rights to assemble and associate in the District of Columbia in front of the Capitol Building on April 2, 2021, and Defendants should be enjoined from enforcing, effecting, or otherwise implementing the acts and present practices complained of herein.

46. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined.

47. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants from violating Plaintiff's constitutional rights.

48. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
### Claim for Violation of Plaintiff's Constitutional Right to the Free Exercise of Religion as Guaranteed by the First Amendment

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48 of this complaint as though fully set forth herein.

50. Defendants' acts and policies violate the First Amendment, both facially and as-applied to Plaintiff. The First Amendment of the Constitution protects the "free exercise" of religion. Fundamental to this protection is the right to gather and worship. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 638 (1943) ("The very purpose of a Bill of Rights was to withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts … [such as the] freedom of worship and assembly."). The Free Exercise Clause applies to the Congress.

51. As the Supreme Court has noted, "a law burdening religious practice that is not neutral or not of general application must undergo the most rigorous of scrutiny." *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 546 (1993). "A law is not generally applicable if its prohibitions substantially underinclude non-religiously motivated conduct that

might endanger the same governmental interest that the law is designed to protect." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1079 (9th Cir. 2015). "In other words, if a law pursues the government's interest 'only against conduct motivated by religious belief,' but fails to include in its prohibitions substantial, comparable secular conduct that would similarly threaten the government's interest, then the law is not generally applicable." *Id.*

52. Defendants' acts and policies are neither neutral nor of general application. Defendants' restrictions have specifically and explicitly targeted Plaintiff's religious and "faith-based" service and are thus not neutral on their face. Defendants have prohibited Plaintiff's religious gathering while exempting a laundry list of other activities that occur at the Capitol, including media events, non-religious public gatherings, and various political and other events.

53. In addition to relegating faith activities to a second-class status, Defendants will impose criminal penalties for violating their acts and policies, and have thus substantially burdened Plaintiff's religious exercise by forcing him to choose between his sincerely held religious beliefs and his desire to follow secular rules.

54. Laws and government actions that burden religious practice and are either not neutral or not generally applicable must satisfy a compelling governmental interest and be narrowly tailored to achieve that end.

55. Defendant's acts and policies are not "narrowly tailored" to further any compelling governmental interest. Defendants have granted numerous exemptions to their bans on gatherings at the Capitol, including for media and other activities. Since these gatherings may be permitted, there can be no doubt that Defendants may, and therefore must, permit Plaintiff to engage in equivalent religious activities and services provided that Plaintiff also adheres to the same associated guidelines.

56. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from implementing and enforcing their acts and policies.

57. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of Defendants' acts and policies.

58. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**Claim for Violation of Plaintiff's Constitutional Rights to Due Process of Law as Guaranteed by the Fifth Amendment to the United States Constitution**

59. The Plaintiff hereby incorporates by reference paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. The Due Process Clause of the 5th amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law …".

61. The prohibition of protected speech by Defendants impacts speech without any clear or precise standards subject to objective measurement or application, but instead are given meaning only through the exercise of unbridled discretion by those responsible for the enforcement of the acts and present practices of the Defendants complained of herein.

62. The acts and present practices of the Defendants are unconstitutionally vague on their face because they allow the Defendants to deny the applications or request of the Plaintiff for permits and use of public grounds considered traditional public fora prior to and during the Plaintiff's planned prayer vigil at the Lower Western Terrace of the Capitol on April 2, 2021, thereby depriving the Plaintiff of his constitutional rights to free speech.

63. The acts and present practices of the Defendants are also unconstitutionally overbroad on their face because they allow the Defendants to deny all permitted first amendment activity on traditional public forums.

64. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined.

65. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants from violating Plaintiff's constitutional rights.

66. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**
**Claim for Violation of the Religious Freedom Restoration Act**
**42 U.S.C. § 2000bb**

67. Plaintiff hereby incorporates by reference paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. Plaintiff's sincerely held religious belief requires him to spread the gospel including by holding a prayer vigil at the Lower Western Terrace at the Capitol on April 2, 2021.

69. When Plaintiff complies with his personally held ethical and moral teachings on spreading the gospel of Jesus Christ and with his sincerely held religious beliefs, he exercises religion within the meaning of the Religious Freedom Restoration Act.

70. Defendants' policies and acts denying Plaintiff the right to worship impose a substantial burden on Plaintiff's religious exercise and coerce him to change or violate his sincerely held religious beliefs.

71. Defendants' policies and acts chill Plaintiff's religious exercise within the meaning of RFRA.

72. Defendants' policies and acts expose Plaintiff to substantial fines and/or financial burdens for their religious exercise.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Honorable Court grant the following judgment in Plaintiff's favor and the following relief:

1. Declaratory relief that Defendants' decision of denying the Plaintiff's request to exercise his First Amendment rights at the Lower Western Terrace of the Capitol Building and for the use of traditional public space involving First Amendment rights would and does violate the Plaintiff's rights under the First and Fifth Amendments and under federal law.

2. Enter a permanent injunction requiring the Defendants, their agents, employees, and all persons acting in concert with Defendants to refrain from utilizing and/or enforcing the acts and present practices relevant to this proceeding to wit: allow Plaintiff to exercise his First Amendment rights to engage in his proposed prayer vigil at the Lower Western Terrace at the Capitol on April 2, 2021;

3. In the event that Defendants enforce the acts and present practices complained of herein against this Plaintiff before this matter can be heard by the Court, that this Court issue an order requiring the Defendants to refrain from utilization and/or enforcement of the acts and present practices complained of herein and thereafter a permanent injunction would issue against Defendants, their agents, employees and all acting in concert with them and preclude them from utilizing and/or enforcement of the acts and present practices complained of herein;

4. Enter preliminary and permanent injunctive relief to prevent the Defendants, their officers, agents, employees, successors, attorneys, and all persons acting in concert with them to be restrained and enjoined from interfering in any manner with Plaintiff's fundamental rights of free speech, due process of law, and freedom of assembly and association and religion;

5. That the Court judge, decree, declare, and render a Declaratory Judgment that the prohibition of Plaintiffs' speech and the policies and practices of the Defendants complained of herein is unconstitutional on its face and/or as applied to suppress Plaintiff's First Amendment rights in violation of the First and Fifth Amendments to the United States Constitution and Federal law;

6. That this Court retain jurisdiction of this matter for the purposes of enforcing the Court order;

7. That this Court issue the requested injunctive relief without a condition of bond or surety or other security being required of Plaintiff;

8. Award the Plaintiff reasonable costs and attorneys' fees pursuant to U.S.C. Section 1988; and

9. Grant the Plaintiff such other relief as the Court deems necessary and proper.


Dated: March 30, 2021                                              Respectfully submitted,


 /s Brian R. Chavez-Ochoa
Brian R. Chavez-Ochoa, CA Bar #190289         Harmeet K. Dhillon, CA Bar #207873
CHAVEZ-OCHOA LAW OFFICES, INC.                Mark P. Meuser, CA Bar #231335
4 Jean Street, Suite 4                        Stuart McCommas, DC Bar #1617818
Valley Springs, California 95252              DHILLON LAW GROUP INC.
(209) 772-3013                                177 Post Street, Suite 700
                                              San Francisco, CA 94108
                                              (415) 433-1700

Counsel for the Plaintiff Patrick J. Mahoney

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of March 2021.

*DocuSigned by:*

*[Signature]*
—D5C58DD23DD14C9...

Rev. Patrick J. Mahoney